FIRST NATIONAL BANK, Appellant, v. WINONA SAVINGS
BANK et al, Respondents.

(211 N. W. 971.)

(File No. 5744.   Opinion filed January 28, 1927.)

**Mortgages—Foreign Corporations—Complaint by Holder of Mortgage
Against Unregistered Foreign Savings Bank, Foreclosing Prior
Mortgage as Assignee, Held Not to State Cause of Action (Rev.
Code 1919, §§ 8900-8916; Laws 1921, c. 157).**

Complaint by holder of second mortgage against foreign sav-
ings bank, which as assignee, foreclosed first mortgage, alleging
defendant's failure to comply with Rev. Code 1919, §§ 8900-
8916, relative to foreign corporations, and that assignment to
defendant was void, held not to state cause of action, where it
did not allege tender of amount of mortgage, and foreclosure
was not had until after enactment of Laws 1921, c. 157, ex-
empting savings banks from operation of the law.

Note.—See, Headnote, American Key-Numbered Digest, Mort-
gages, Key-No. 338, 41 C. J. Sec. 1491.

Appeal from Circuit Court, Codington County; Hon. W. N.
Skinner, Judge.

Action by the First National Bank against the Winona Sav-
ings Bank and another. From an order sustaining a demurrer to
the complaint, plaintiff appeals. Affirmed.

*M. J. Russell,* of Watertown, for Appellant.

*Wm. H. Warren,* of De Smet, and *Tawney, Smith & Tawney,*
of Winona, Minn., for Respondents.

BURCH, J.   This case is before us on appeal from an order
sustaining a demurrer to the complaint of plaintiff.

The complaint alleges the due incorporation of the First Nat-
ional Bank, plaintiff, under the laws of South Dakota, and the in-
corporation of the Winona Savings Bank, defendant, under the
laws of the state of Minnesota; that defendant Goss is the duly
elected, qualified, and acting sheriff of Codington county; that
Nels E. Halseide was the owner in fee of the north half of sec-
tion 26, township 119, range 51, in said county, and that he and
his wife executed and delivered a mortgage to Gold Bros. Security
Company, a corporation organized under the laws of South Da-
kota, to secure a note for $5,750; that this mortgage was a first
mortgage on said land; that the said Halseide and his wife

made and executed a second mortgage on the same land to O. M. Kirlin, to secure a note for $7,400, which was duly assigned to plaintiff, First National Bank; that the Gold Bros. sold and assigned the note secured by the first mortgage to the Winona Savings Bank, which foreclosed such mortgage by advertisement and bid in the land at the sale held on May 24, 1924, and received a certificate of sale from the sheriff, Goss; that said bank threatens to and will demand and receive a sheriff's deed at the expiration of the time of redemption; that the Winona Savings Bank has not in any manner complied with the laws of South Dakota relative to foreign corporations, nor filed with the secretary of state a statement in writing constituting the secretary of state its agent for the service of process as prescribed by section 8902, R. C. 1919; that the assignment of the first mortgage from the Gold Bros. Security Company to the Winona Savings Bank was void; and that the second mortgage is still owned by plaintiff and unpaid.

Defendants demur on three grounds namely; That the court has no jurisdiction of the subject-matter of the action; that the plaintiff has no legal capacity to sue; and that the facts stated are not sufficient to constitute a cause of action.

The first two grounds of demurrer are untenable, and the sole question to determine is: Does the complaint state facts sufficient to constitute a cause of action? The theory of plaintiff is that sections 8900 to 8916, inclusive, R. C. 1919, and laws amendatory thereof, forbid foreign corporations acquiring property within this state or transacting business without first filing with the secretary of state a statement in writing, by its president, secretary, treasurer or general manager, that it constitutes the said secretary of state its agent for the service of process.

The complaint does not state sufficient facts, for the following reason: There is nothing in the law which indicates that property so assigned is confiscated. If the assignment by the Gold Bros. Security Company was void, then the Gold Bros. Security Company are owners of the mortgage, which still remains a first mortgage, and plaintiff is in no position to attack the validity of the assignment, having no interest therein. The complaint does not show that the amount of the mortgage has been tendered, or the payment thereof offered. The foreclosure of the mortgage was

not made until May 24, 1924, and the law was amended in 1921 (chapter 157, Laws 1921), which expressly excepts savings banks and trust companies from the operations of the law.

The court was right in sustaining the demurrer, and the order of the court is affirmed.